HARRIS, J.,
dissenting.
I respectfully dissent.
Relying on Wallace v. State, 724 So.2d 1176 (Fla.1998), the majority holds that defendant may be only once convicted of resisting without violence for his continuing resistance of the officer’s ongoing attempt to effectuate an arrest. Although Wallace dealt with the resistance to multiple officers during their effort to make an arrest, the extension of Wallace to the continuous resistence to a single officer’s efforts to arrest seems appropriate. Because I believe the two incidents of resisting were separate in time and place, I would affirm both convictions.
Defendant was stopped because his license plate was not properly fit or displayed. Upon the officer’s request, he displayed his driver’s license. The officer was not attempting to place defendant under arrest. Defendant became agitated and yelled obscenities at various persons. He then walked away from the officer and toward a liquor store. Defendant returned when the officer demanded he do so and was arrested for resisting without violence. Defendant did not resist being handcuffed. The first resisting, therefore, occurred in the parking lot and before any arrest. It was concluded.
After defendant was arrested, he was searched and marijuana was found on him. After the marijuana was found, defendant resisted being put into the police car and continued such resistance during transit to the police station by kicking the windows, and so forth. This resistance occurred in or about the police car, after arrest and after discovery of the marijuana.
In my view, the defendant’s incidents of resistance do not constitute a single *126 incident of continuous resistance of an attempted arrest as was precluded by Wallace. Here, the two incidents were separate and distinct. Further, they were separated by an arrest which was not resisted. The first incident of resistance (walking away from the officer and toward the liquor store) was closed with the arrest and handcuffing. The second incident of resistance commenced after the marijuana was found and the charge became more serious. At this time, the resistance was recommenced, not continued, and became more pronounced.
Even though the State did not mount a serious challenge to this point on appeal, it nevertheless did not concede it. The State urged that “if this Court finds a double jeopardy violation,” it should reverse the conviction carrying the lesser sentence. Because I find no double jeopardy problem, I would merely affirm.[1]

. I cannot understand the majority’s statement that the position taken by this dissent was not raised below. It was certainly argued to and accepted by the jury. The prosecutor clearly differentiated the charges based on the timing and motivation of defendant's resistence:
The first charge that you’ll get which may be a little confusing is actually the felony charge charging the resisting with violence and that's a little out of order from the way things happened but if you recall, we showed that — we have to show, number one, that the defendant knowingly and willfully committed these actions.
Now, we've heard from the defendant himself that once they tried to get him in the car, he decided he was not going to go because they hit his head on the car and he, from theh on, was deciding he wasn’t going •to go. So we know his state of mind at that time.
[[Image here]]
Now, the other thing we have to prove is that he was resisting without violence and that’s actually what this whole thing is based on. The defendant Timothy Brown on the 31st of October was pulled over by Corporal Gibson. Couldn’t see his tag ... so pulled him over for a traffic violation. Well, according to the defense's own testimony, he got out and they had places to go. So he gave his license and his registration to Corporal Gibson and he had to be on his way. He had to go in the store and he’d come back and go with Corporal Gibson when he got back.
[[Image here]]
All Corporal Gibson wanted to do was run the driver’s license and the registration and issue a warning for the placement of the tag.
But Timothy Brown wasn’t willing to comply with that. He wasn't willing to take the five or ten minutes, had to go off on his way....